RECEIVED
IN LAKE CHARLES, LA.
JAN 0 9 2020
TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MCKINLEY BATES III, an individual;

        Plaintiff,

vs.

LANE NORMAND, in his individual capacity;
        Defendant.

No.: 20 CV 36
Hon.:

---

    Plaintiff, MCKINLEY BATES III, appearing *in propria persona*, hereby complains against the Defendant, LANE NORMAND ("NORMAND"), in his individual capacity, in a civil action, stating unto this Court as follows:

    1.    This is an action for damages brought pursuant to 42 USC §§1983 and 1998, the Fourth and Fourteenth Amendments to the United States Constitution, against Defendant, NORMAND, in his individual capacity.

    2.    Jurisdiction is founded upon 28 USC §1331 and 28 USC §1343.

    3.    Venue is proper based on the situs of the incident, which occurred in the Parish of Concordia, within the Western District of Louisiana.

4.  At all pertinent times Plaintiff, MCKINLEY BATES III, was a resident of the Baton Rouge, State of Louisiana.

5.  Based upon information and belief, Defendant, NORMAND, was at all times relevant hereto, a citizen of the State of Louisiana and was employed as the agent for the Department of Probation and Parole for the State of Louisiana.

6.  At the time of the events alleged in this Complaint, the Defendant, NORMAND, was acting under color of law in his individual capacity and within the scope of his employment with the State of Louisiana.

## GENERAL ALLEGATIONS

7.  On October 30, 2018, as Plaintiff sat on a picnic table under a carport at his father's house at 421 5th St., in Ferriday, LA, an unmarked car with several police officers pulled up in front of the house. The police officers quickly exited the vehicle and rushed Plaintiff.

8.  Not knowing why the police were there and fearing for his safety, Plaintiff ran from the police.

9.  The police officers gave chase and apprehended Plaintiff down the street from his house, placing him in handcuffs.

10. When they returned to Plaintiff's house, NORMAND, without a search warrant, began rummaging around Plaintiff's carport.

11. NORMAND wrote the following report describing what he "discovered" in the carport.

> On 10/30/2018, Lt. Chris Groh, Investigator Phillip Smith, Agent Chad Fuqua and I were driving down 5th Street in Ferriday, when I observed McKinley Bates III sitting under a carport at 421 5th St. Bates had an active Prole warrant for his arrest at this time. I then pulled into the driveway to attempt to make contact with Bates. As I stepped out of my unit, I immediately smelled a strong odor of marijuana coming from the residence. *Bates then stood up, reached into his pocket and threw a clear plastic bag and fled on foot. Parked in the driveway was a Honda car which I know McKinley Bates III to drive. When I ran his license plate it came back registered to McKinley Bates III. Inside the car I located numerous mail documents, checks, and other items belonging to McKinley Bates III and 421 5th St., Ferriday, LA 71334 …. Due to these documents showing McKinley Bates III of having the address of 421 5th St., per Probation & Parole policy, I requested the Sheriff's Office assist me in conducting a residence check and clear the house for remaining occupants.*
>
> \* \* \* \* \*
>
> *Once back at 421 5th St., I observed suspected marijuana in plain view on the table where Bates was sitting. Also in plain view next to where Bates was sitting was more suspected marijuana on the washer under the carport. I then looked where I observed Bates throw the clear plastic bag from his pocket at which time I located a clear plastic bag which contained numerous Xanax bars.*

12. NORMAND reported the identical version of events to Lt. John Cowan, which formed the basis for Cowan's application for a search warrant.

3

13. Lt. Cowan recounted NORMAND's version of events in his affidavit for a search warrant for 421 5th St. The search warrant was approved by the magistrate judge.

14. On October 30, 2018, officers, including NORMAND, executed the search warrant and confiscated money which rightfully belonged to Plaintiff.

15. When NORMAND recounted the events to other officers, including John Cowan, he knew for a fact that Plaintiff did not live at 421 5th St. address.

16. As a result of NORMAND's fabrication of evidence, set forth below, Plaintiff was charged with the following crimes:

    a. Possession with intent to distribute Schedule IV drugs;

    b. Possession of marijuana;

    c. Possession of drug paraphernalia;

    d. Possession of a firearm by a convicted felon;

    e. Resisting an officer;

17. On the date of the incident, Plaintiff's home had security cameras that captured the incident on video.

18. The video, which was later shown to the prosecuting attorney, showed Plaintiff simply running from the police and not discarding anything from his pocket, contrary to NORMAND's statements and report.

19. The video also showed NORMAND rummaging around in a 5-gallon bucket located in the carport and appearing to pull out a cellophane bag from the bottom of the bucket under plastic wrap. NORMAND then put the plastic wrap back in place and left the cellophane bag on top of the plastic wrap, "in plain view."

20. The video also shows no drugs or drug paraphernalia on the ground, as claimed by NORMAND.

21. In sum, the video contradicted each material statement used by NORMAND to manufacture probable cause for Plaintiff's arrest.

22. Once the prosecutor watched the security video and saw how NORMAND's account of the event was demonstrably and indisputably false, he voluntarily dismissed the majority of the charges on January 10, 2019.

23. The prosecutor voluntarily dismissed the remaining charge of Resisting an Officer on May 1, 2019.

24. That due to the conduct of Defendant, NORMAND, as set forth below, Plaintiff suffered the following injuries and damages:

A. Being falsely arrested and jailed from October 30, 2018 to January 10, 2019;

B. Being charged with several felonies that were the result of fabricated evidence used to secure a search warrant and to cause his arrest;

C. Severe emotional distress from the time of his arrest and continuing through the present;

D. Physical manifestations of emotional distress including, but not limited to, sleeplessness, irritability, loss of appetite, headaches, and other symptoms;

E. Fright, shock, indignity, humiliation and embarrassment;

F. Loss of freedom to move freely about because of court-imposed restrictions;

G. Incurring significant attorney fees before all charges were finally dropped;

H. Many of Plaintiff's injuries and damages are likely to be permanent;

I. Other damages which may be revealed through discovery.

## COUNT I
## CONSTITUTIONAL VIOLATIONS BY DEFENDANT NORMAND

25. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

26. Defendant violated Plaintiff's constitutionally-protected rights, including his right to be free from fabricated evidence being used to

6

manufacture probable cause to seize his property and person, as protected by the Due Process clause of the Fourteenth Amendment to the U. S. Constitution, and freedom from unreasonable seizure, pursuant to the Fourth Amendment; by the following conduct :

    A.    NORMAND filing a false police report stating that drugs were in plain view when he knew that such statements were false and, in fact, contrived;

    B.    NORMAND fabricating evidence that included placing a package of alleged drugs "in plain view" on top of a 5-gallon bucket that had not been there previously;

    C.    NORMAND falsely telling other police officers that he saw Plaintiff throw a "clear plastic bag" from his pocket and that he found drugs in plain view where Plaintiff was sitting, which resulted in Deputy John Cowan having probable cause to obtain a search warrant for Plaintiff's residence;

    D.    Other acts and violations that will be discovered during the course of the lawsuit.

27.    That as a direct and proximate result of the Defendant's willful violation of Plaintiff's constitutionally protected rights, Plaintiff's personal property was seized without probable cause, he was arrested and jailed, and suffered the previously stated injuries and damages.

WHEREFORE, Plaintiff prays for such compensatory damages as are available pursuant to federal law. Plaintiff further seeks punitive damages pursuant to 42 USC §1983 as to the individual Defendant,

together with pre-judgment interest and costs in an amount to be determined by the Court.

                                      MCKINLEY BATES III  
                                      */s/ McKinley Bates III*  
                                      In Propria Persona  
                                      13714 Birney Point Lane  
                                      Houston, TX 77044  
                                      (916) 607-1013

Dated: January 7, 2020

## **JURY DEMAND**

Plaintiff demands a jury trial in this matter.

>MCKINLEY BATES III
>In Propria Persona
>13714 Birney Point Lane
>Houston, TX  77044
>(916) 607-1013

Dated:   January 7, 2020

Dated: June 14, 2016