c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MCKINLEY BATES, III, Plaintiff | CIVIL ACTION NO. 1:20-CV-00036 |
| VERSUS | JUDGE DRELL |
| LANE NORMAND, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Lane Normand's ("Normand's") Rule 12(b)(1) Motion to Dismiss. ECF No. 38. Normand seeks dismissal of Plaintiff McKinley Bates, III ("Bates's") claims against him in his official capacity for lack of subject matter jurisdiction based on Eleventh Amendment immunity. ECF No. 38 at 1. Bates opposes. ECF No. 43.

Because Normand has Eleventh Amendment immunity from monetary damages in his official capacity, and from state law claims for injunctive relief in his official capacity, Normand's Rule 12(b)(1) Motion to Dismiss (ECF No. 38) should be GRANTED IN PART.

Because Bates amended his claims (ECF No. 47) against Normand to include federal claims in his official capacity for injunctive relief, Normand's Rule 12(b)(1) Motion to Dismiss (ECF No. 38) should be DENIED IN PART.

I. **Background**

Bates filed a civil rights Complaint (ECF No. 1), First Amended Complaint (ECF No. 5), and Second Amended Complaint (ECF No. 19), asserting federal claims

1

under 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. He also asserts supplemental state-law claims under Louisiana Civil Code Article 2315.[1] Originally, Bates named Normand as the sole Defendant, in his individual and official capacity. ECF No. 1 at 1. In his Second Amended Complaint, Bates added Defendant John Cowan ("Cowan") in his individual and official capacities, and added state law causes of action for battery and malicious prosecution against both Defendants.

Normand is employed as an agent for the Department of Probation and Parole ("DPP") for the State of Louisiana. ECF No. 19 at 2. Cowan is a Lieutenant at the Concordia Parish Sheriff's Office ("CPSO"). *Id.*

Bates alleges Normand and Cowan conducted an illegal search and used excessive force against him on October 30, 2018. Bates alleges CPSO had a custom and practice of allowing its officers to perform illegal searches and seizures, and ratified Normand's and Cowan's actions of illegal search and seizure, false arrest, excessive force, battery, and malicious prosecution. *Id.*

Bates asserts Normand and Cowan violated his rights to due process under the Fourteenth Amendment, and his right to be free from unreasonable seizure and excessive force under the Fourth Amendment. *Id.* He also asserts state law claims of malicious prosecution against Normand and Cowan, and battery against Normand. *Id.* at 9-10. Bates seeks compensatory damages and punitive damages. *Id.* at 10.

---

[1] Normand previously filed a Rule 12(b)(6) Motion to Dismiss, and Bates moved to amend. ECF Nos. 9, 13). The undersigned allowed the amendment and denied as moot Normand's motion. ECF No. 18.

Normand and Cowan separately answered. ECF Nos. 32, 35, 36, 37. Now, Normand seeks dismissal under Rule 12(b)(1) of Bates's official capacity claims for monetary damages against him for lack of subject matter jurisdiction based on Eleventh Amendment immunity.[2] ECF No. 38.

Bates opposes. ECF No. 43. He submits exhibits in support of his Opposition. ECF Nos. 43-1, 43-2, 43-3, 43-4, 43-5, 43-6, 43-7. However, after the Motion to Dismiss (ECF No. 38) was filed, Bates amended his Complaint for a third time, this time adding Defendant Cole Gralapp ("Gralapp") and including a prayer for injunctive relief against all Defendants in their official capacities under the "*Ex parte Young* Doctrine," in addition to compensatory and punitive damages.[3] ECF No. 47. The same attachments included in Bates' Opposition are filed with the Amended Complaint.

II. <u>Law and Analysis</u>

    A. <u>Rule 12(b)(1) provides for dismissal for lack of subject matter jurisdiction.</u>

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to

---

[2] Bates asserts Normand cannot seek monetary damages against him but appears to seek dismissal of all official capacity claims against him.

[3] *Ex Parte Young*, 209 U.S. 123 (1908).

3

relief." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012). "Plaintiffs bear the burden of establishing subject-matter jurisdiction." *Id.*

A district court may dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Willoughby v. U.S. Dept. of Army*, 730 F.3d 476, 479 (5th Cir. 2013).

### B. Normand is entitled to Eleventh Amendment immunity in his official capacity for monetary damages, as well as any claim for injunctive relief under state law.

A party's invocation of Eleventh Amendment immunity is analyzed as a challenge to the federal court's exercise of federal subject matter jurisdiction. *Mahogany v. Louisiana State Supreme Court*, 262 Fed. App'x. 636 (5th Cir. 2008) (citations omitted); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("Sovereign immunity is indeed a jurisdictional bar.").

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Even when the state is not a named defendant, Eleventh Amendment immunity extends to a state agency or political entity that effectively acts as an "alter ego" or an "arm" of the state. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002). Section 1983 does not abrogate a state's sovereign immunity. *Hanna v. LeBlanc*, 715 Fed.Appx. 265, 268 (5th Cir. 2017).

Louisiana has not waived its Eleventh Amendment immunity from suit in federal court. *See* La. R.S. 13:5106(A) (providing that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court"). The shield of immunity that extends to the State of Louisiana also extends to the Department of Parole and Probation as an agency of the State. *Pharr v. Davis*, 2:10-CV-1817, 2012 WL 622965, at *3 (W.D. La. Jan. 5, 2012), *report and recommendation adopted*, CIV.A. 10-1817-LC, 2012 WL 622764 (W.D. La. Feb. 24, 2012) (citing *Anderson v. Phelps,* 655 F.Supp. 560 (M.D.La. 1985)); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 61 (1989).

The *Ex parte Young* Doctrine serves as an exception to the rule that official capacity suits represent suits against the state. *Ex parte Young,* 209 U.S. 123 (1908). This exception holds that a suit is not barred by sovereign immunity when it is brought against state officials to enjoin an ongoing violation of federal law. *See id.* at 155–56; *Meza v. Livingston,* 607 F.3d 392, 411–12 (5th Cir. 2010); *Am. Bank & Trust Co. of Opelousas v. Dent,* 982 F.2d 917, 920 (5th Cir. 1993).

Stated differently, "prospective injunctive or declaratory relief against a state [official] is permitted . . . but retrospective relief in the form of a money judgment in compensation for past wrongs . . . is barred." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008) (citation omitted). The *Ex parte Young* Doctrine is limited to a lawsuit that seeks prospective relief from a *continuing* or *ongoing* violation of federal law. *Reed v. Goertz*, 995 F.3d 425, 429 n.2 (5th Cir. 2021) (citation omitted); *see also Aquilar v. Tex. Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th

5

Cir. 1998) ("To meet the *Ex parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect.")

Here, Bates' Third-Amended Complaint (ECF No. 47) adds claims against Normand in his official capacity for preliminary, prospective, and permanent injunctive relief for federal constitutional violations.[4] ECF No. 47 at 13-14. However, the prayer for relief still alleges: "Plaintiff prays for such compensatory damages as are available pursuant to federal law. Plaintiff further seeks punitive damages pursuant to 42 U.S.C. § 1983 as to the individual Defendant, together with pre-judgment interest and costs in an amount to be determined by the Court." ECF No. 47 at 15.

To the extent Bates's amended claims still include a claim for monetary damages against Normand in his official capacity, Normand is entitled to Eleventh Amendment immunity. Also, it does not appear that any injunctive relief is sought for any state law claims. However, to the extent Bates is asserting any state law claims for prospective injunctive relief against Normand in his official capacity, the Eleventh Amendment bars those claims as well. Thus, Bates's claims against

---

[4] While not specifically alleged against Normand, Bates asserts a claim for "Injunctive Relief (Against all Defendants in their official capacities)" in Count III of the Complaint (ECF No. 47). Bates further alleges Normand has continued to contact, harass, and abuse his status as a Probation and Parole Specialist to search Normand since the incident and to conduct warrantless searches. ECF No. 47 at 13. Construing the Complaint in favor of Bates, the undersigned presumes Bates's federal claims include prospective injunctive relief against Normand under federal law.

Normand for monetary damages in his official capacity, and state law claims for injunctive relief in his official capacity, should be dismissed for lack of jurisdiction. However, under the *Ex parte Young* Doctrine, Bates's federal claim against Normand in his official capacity for injunctive relief should remain.

### III.   Conclusion

Because the Eleventh Amendment bars a claim for monetary damages and state law claims for injunctive relief against Normand in his official capacity; Normand's Motion to Dismiss (ECF No. 38) should be GRANTED IN PART, and – to the extent such claims remain – Bates's claims for monetary damages and any state law claims for injunctive relief against Normand in his official capacity should be DISMISSED WITHOUT PREJUDICE.

Because Bates's amended claims include federal claims for prospective injunctive relief against Normand in his official capacity under *Ex parte Young*, Normand's Motion to Dismiss (ECF No. 38) should be DENIED IN PART to the extent Normand seeks dismissal of the federal claim for injunctive relief against him in his official capacity.[5]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy

---

[5] The undersigned did not address any individual capacity claims against Normand, as they were not before the Court.

7

thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 15th day of February 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE